David Joseph **STEFFEN**, Petitioner–Appellee,

v.

Arthur **TATE**, Jr., Warden, Respondent–Appellant.

No. 92–3813.

United States Court of Appeals, Sixth Circuit.

Argued June 29, 1993.

Decided Oct. 24, 1994.

---

Dale A. Baich (argued and briefed), Public Defender's Office, Ohio Public Defender Com'n, Columbus, OH, for petitioner-appellee.

John J. Gideon (argued and briefed), Paul J. Buser, Office of the Atty. Gen. of Ohio, Columbus, OH, for respondent-appellant.

Before: RYAN and BOGGS, Circuit Judges; and ROSEN, District Judge.*

BOGGS, Circuit Judge.

This case arises from the action of the United States District Court for the Southern District of Ohio, in which it issued a stay of execution on a petition by a state prisoner who had been sentenced to death. The prisoner is, and has been for over two years now, ably defended by the Ohio Public Defender.

At the time that the petition for a stay of execution was filed with the district court, no petition for a writ of habeas corpus had been filed, and no such petition has been filed yet, more than two years later.

Shortly after the oral argument in this case in June 1993, the United States Supreme Court granted certiorari in the case of *McFarland v. Collins,* —— U.S. ——, 114 S.Ct. 544, 126 L.Ed.2d 446 (1993) (mem.). That case also involved a stay of execution granted by a federal district court in a case in which no habeas petition was pending. Because of the possibility that definitive guidance would be forthcoming on the legality of a federal court granting a stay of execution when no habeas petition has been filed, we delayed a decision in this case pending the Supreme Court's decision in *McFarland.*

On June 30, 1994, the Supreme Court rendered its decision in *McFarland,* holding that a capital defendant may invoke his "right to a counseled federal habeas corpus proceeding by filing a motion requesting the appointment of habeas counsel, and that a district court has jurisdiction to enter a stay of execution where necessary to give effect to that statutory right." —— U.S. ——, ——, 114 S.Ct. 2568, 2574, 129 L.Ed.2d 666 (1994).

The circumstances in our case have almost no relation to the Supreme Court's ground for decision in *McFarland.* Steffen is not an uncounseled, *pro se,* prisoner. He is not seeking a stay of execution in order to find counsel or to gain the time to file a habeas petition. Instead, he is seeking the aid of a federal judge, in the absence of any habeas petition, to secure additional time to pursue what he contends are novel and newly available state remedies beyond a direct appeal and a post-conviction proceeding, both of which he has already enjoyed. Under these circumstances, the jurisdiction of the district court has not been properly invoked, and we reverse the decision of the district court that had granted the stay of execution.

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

## I

David Joseph Steffen was sentenced to death in 1983 for the aggravated murder of Karen Range in 1982. His case was affirmed on direct appeal by the First District Court of Appeals, *State v. Steffen,* Ham. C.A. No. C–830445, 1985 WL 4301 (1985), and by the Ohio Supreme Court, *State v. Steffen,* 31 Ohio St.3d 111, 509 N.E.2d 383 (1987). The United States Supreme Court denied certiorari. *Steffen v. Ohio,* 485 U.S. 916, 108 S.Ct. 1089, 99 L.Ed.2d 250 (1988).

Steffen then filed a state post-conviction petition in 1989, which was denied. *State v. Steffen,* No. B–824004 (Ham. C.P. July 18, 1990). This denial was not disturbed by the Court of Appeals, *State v. Steffen,* No. C–900596, 1991 WL 149559 (Ham. Ct.App. Aug. 7, 1991), nor by the Ohio Supreme Court, *State v. Steffen,* 62 Ohio St.3d 1494, 583 N.E.2d 966, *reh'g denied,* 63 Ohio St.3d 1407, 585 N.E.2d 428 (1992). A writ of certiorari from this denial was not sought.

Instead, Steffen changed counsel to the Ohio Public Defender, who began a series of maneuvers premised on the theory that the Ohio Supreme Court, in a decision issued February 19, 1992, the very same day that it denied rehearing of its prior decision that had denied leave to appeal in Steffen's own post-conviction case, had created a completely new procedure for yet another round of reconsideration in a case such as this. *See State v. Murnahan,* 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992) ("Claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Supreme Court...." *Id.* at Syllabus ¶ 2.).

He also sought a stay of the pending execution date, which the Ohio Supreme Court itself had set, 63 Ohio St.3d 1429, 588 N.E.2d 129 (1992), in order to pursue what he perceived to be this additional state remedy. The Ohio Supreme Court was not impressed by this argument, and refused to stay the execution. *State v. Steffen,* 64 Ohio St.3d 1411, 593 N.E.2d 2 (1992). Steffen's *Murnahan* motion for reconsideration in the Ohio Court of Appeals was ultimately rejected (No. C–830445), and the Ohio Supreme Court affirmed, without opinion. 67 Ohio St.3d 1500, 622 N.E.2d 649, *reh'g denied,* 68 Ohio St.3d 1418, 624 N.E.2d 192 (1993).

Steffen could have filed a petition for writ of habeas corpus in federal court, in which he might have raised some or all of the 28 assignments of error that his previous counsel had raised on direct appeal in the state appellate court, or the 23 questions raised by counsel in the Ohio Supreme Court, or the 27 issues raised by counsel in his post-conviction petition, all of which issues had been known to petitioner and his counsel for between three and nine years. Instead, he sought, and ultimately received, a stay of execution in the United States District Court for the Southern District of Ohio. This stay was not premised on giving Steffen time to find legal counsel, nor even on giving time for counsel to prepare a habeas petition. Instead, the court granted an indefinite stay for such time as Steffen was pursuing what he contended were further state court remedies. *Steffen v. Tate,* No. C–1–92–495, 1992 WL 195422 (S.D. Ohio June 18, 1992).

## II

Under the relevant statutes, the United States District Court was without jurisdiction to issue a stay of execution. Two suggested grounds were ruled on by the district court: the All Writs Act, 28 U.S.C. § 1651, and the habeas corpus statute, 28 U.S.C. § 2251. We find neither ground sufficient.

The Supreme Court, in *McFarland,* did not rest directly on either of these grounds. Rather, it rested on the unusual facts of that case, in which a truly unrepresented prisoner sought a stay of execution to permit him to obtain counsel who could prepare a competent petition for a writ of habeas corpus.

The concern that was presented and addressed in that case, and it was a reasonable concern, is that traditionally the writ of habeas corpus may not be abused by presenting piecemeal claims. This common law tradition has been strengthened by Supreme Court decisions in *McCleskey v. Zant,* 499 U.S. 467, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991), and *Coleman v. Thompson,* 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991). Thus, a *pro se* prisoner understandably may

be reluctant to file a skeletal or unlearned petition for habeas, for fear that it will prejudice a later petition prepared by skilled counsel. As will be shown below, the circumstances in the present case bear no relation to those concerns. As counsel candidly conceded at oral argument, counsel for a death-sentenced criminal never wishes to file a habeas corpus petition unless that is the last-ditch way to avoid an actual execution, when the prisoner is more concerned with avoiding execution than with receiving a final adjudication of his claims. Since there is only one significant bite at the apple of federal habeas, and since that procedure must almost always be completed before an execution can be carried out, the filing of a habeas petition is a powerful card in the hand of the defendant, but it is a card that can only be played once. Therefore, it is almost always in the interest of a death-sentenced prisoner to delay filing that petition as long as possible.

■ Under *McFarland,* however, this tactical consideration is not a reason for overriding the normal reading of the jurisdictional statutes. *McFarland* only concerned a situation where a habeas proceeding can be said to be commenced by a request for counsel by a *pro se* prisoner. There is no indication in the opinion that the Court's reading of the statute applies to the case of a well-counseled prisoner whose counsel, for technically admirable, though dilatory, reasons, wishes to obtain both the security of a stay of execution from a federal court while simultaneously reserving, rather than exercising and thus exhausting, his right to federal court review by petitioning for a writ of habeas corpus.

### III

■ Steffen contends that the district court's action was justified by the general grant of authority in the All Writs Act, 28 U.S.C. § 1651(a) ("courts ... may issue all writs necessary and appropriate in aid of their respective jurisdictions...."). This argument has a superficial appeal, in that an executed prisoner can never in the future invoke the jurisdiction of the federal court. However, there is no authority that this broad section can be used to halt all state proceedings, pending some future hypothetical application for federal jurisdiction over a matter. Thus, as the Supreme Court stated in *Vendo Company v. Lektro-Vend Corp.,* 433 U.S. 623, 642, 97 S.Ct. 2881, 2893, 53 L.Ed.2d 1009 (1977), "No case of this Court has ever held that an injunction to 'preserve' a case or controversy fits within the ... exception." This is even more true when other federal statutes, particularly 28 U.S.C. § 2251, provide specific authority and methods for the staying of state proceedings.

The broad logic that petitioners would apply to the All Writs Act, that of simply preserving some future jurisdiction, could permit similar stays of execution to be granted with respect to a condemned person's potential future interest in bringing tort, contract, or bankruptcy actions that might similarly become moot upon execution. We believe this places more freight upon the All Writs Act than it can carry, and we reject this interpretation as a basis for the district court's grant of the stay.

### IV

■ It is clear that a federal district court does have jurisdiction to issue a stay of execution so that it may rule on a prisoner's pending habeas corpus claims. 28 U.S.C. § 2251 ("A ... judge of the United States before whom a habeas corpus proceeding is pending, may ... stay any proceeding against the person detained ... under the authority of any state...."). There may be a close question on the narrow issue of whether such a stay could be issued where the issue is "practically" before the court, even if a habeas petition has not literally been filed. For example, if the lawyer is on the way to the courthouse to file a petition just as the execution is scheduled to occur, or even, conceivably, if the court is only granting a delay of a brief time so that a petition can be prepared, the issue might be in doubt. In such a case, it would seem extraordinarily harsh to allow a prisoner to be executed while he is frantically attempting to invoke the jurisdiction of the court. Nonetheless, whatever the outcome in such a case, the issue before us in this case is completely different.

Here, petitioner is frantically attempting to *avoid* invoking the jurisdiction of the federal court and avoid having his claims adjudicated at this time. Rather, he seeks the aid of the federal court to allow him to delay indefinitely any resort to the federal court while he goes on to file yet additional proceedings in state court. The ingenious logic trap that petitioner seeks to construct is as follows:

1. Since only one federal habeas petition is permitted, petitioner should raise and exhaust all state issues before having to file a federal habeas.

2. Even though apparently diligent counsel have raised multitudinous issues, as noted above, the very fact that petitioner enjoyed continuity of representation through trial, appeal, and post-conviction means that he has not had an opportunity to attack the competence of his counsel.

3. By petitioner's interpretation, the State of Ohio has created a procedure that, under all circumstances, allows an attack on the incompetence of appellate representation.

4. Petitioner therefore reasons that all proceedings must come to a halt while he tries out that avenue. As we noted above, on the very day that the Ohio Supreme Court issued this allegedly far-reaching ruling in *Murnahan,* it also denied petitioner's final possible appeal from his second round of post-conviction activities. A month later, it set an execution date and pointedly noted: "The appellant has now exhausted all proceedings for post-conviction relief before the Courts of this State...." J.A. at 172.[1]

Rather interestingly, petitioner cited *McQueen v. Scroggy,* No. 87–192 (E.D. Ky.

Mar. 6, 1992), to the district court in this case. In *McQueen,* a Kentucky prisoner made contentions very comparable to those in this case. In that case, petitioner was already before a federal district court on a habeas petition, which had just been denied. In his petition for rehearing, he claimed that Kentucky had created a new procedure that he should be allowed to exhaust before proceeding to final judgment on his motion to reconsider the denial of his habeas corpus. He was able to persuade the district court of this proposition, but upon proceeding in the Kentucky courts, those courts ruled that his contention was invalid, and they dismissed his action. *See McQueen v. Commonwealth,* No. 91–SC–773–MR (Sup.Ct. Aug. 28, 1992) (order).

Even though petitioner had thus gained several years of additional delay, he then demanded yet additional habeas proceedings in federal court, claiming that he had overlooked them while proceeding back in state court. The district court denied this contention and we refused to remand for further proceedings. *McQueen v. Scroggy,* No. 93–5854 (6th Cir. Feb. 8, 1994). Thus, *McQueen* does not support delaying federal habeas proceedings simply on the assertion that further state proceedings might conceivably be available.

Petitioner's broad contention seems to be that he is entitled to a federal stay of execution while he pursues any state procedure that he can conjure up, regardless of its merit. Certainly under his scenario, if his current effort fails, he could contend that some further process was available by which yet newer counsel could attack the incompetence of his immediately preceding coun-

---

1. Although petitioner could attempt to attack the competence of appellate counsel in a federal habeas corpus proceeding, *see Lucey v. Kavanaugh,* 724 F.2d 560 (6th Cir.1984), affirmed *sub nom. Evitts v. Lucey,* 469 U.S. 387, 395–97, 105 S.Ct. 830, 836, 83 L.Ed.2d 821 (1985), he may contend that he fears that a federal court would dismiss such a petition as unexhausted, because it had not literally been raised below, even though he had proceeded through two complete rounds of litigation in the state courts. However, such a holding would itself carry its own remedy. If the federal court, having the habeas

petition before it, believed that there truly were further state proceedings that were available, a stay of execution could be issued pending the outcome of those proceedings. Of course, a dismissal of those proceedings by the state court would necessitate, in good faith, a lifting of the stay, to the extent issued on that basis. On the other hand, if the federal court believed that the state proceedings were not actually available, even though, of course, a paper so denominated could always be filed, then any such claims would not be unexhausted and the federal court should proceed to adjudicate them.

sel, in an infinite regress.[2] This is not the law. The fact that federal habeas is available only to challenge issues that have been raised in state court does not mean that it is impossible to draw a line and find a time at which petitioner must proceed in federal court or face the consequences. Petitioner is not being abused thereby. He has had two extensive and exhaustive rounds of review in the Ohio courts. Had he wished to attack the competence of counsel in those proceedings, he could have done so by appropriate change of counsel. Of course, that change would have had its own disadvantages, but petitioners have no intrinsic right to both gain the advantage of continuity of representation while creating yet an additional round of time-consuming procedures to attack that representation.

The fact that Ohio may have provided an avenue that it will entertain for some petitioners in some circumstances does not mean either that it will entertain it for this petitioner (and his action has in fact already been dismissed), nor that federal courts are empowered to interfere with state proceedings simply on petitioner's hope. Thus, we reject petitioner's claim of general federal jurisdiction under 28 U.S.C. § 2251 and affirm that a federal court may not gratuitously stay a state execution while petitioner files in state court any and all papers that may occur to him.

## V

■ Since the Supreme Court's decision in *McFarland,* both parties to this proceeding have filed additional briefs attempting to buttress their positions by use of that decision. Petitioner contends that the fact that the Supreme Court upheld the jurisdiction of a federal court to issue a stay in that case, where no habeas petition was literally pending, means that the district court in this case equally has jurisdiction.

In the *McFarland* case, the Supreme Court did rule against an interpretation of 28 U.S.C. § 2251 that would require the actual filing of a habeas petition as an absolute prerequisite for any federal court action to interfere with a state execution. However, it focused very narrowly on the statutory provision allowing a petitioner to apply for appointment of counsel, 21 U.S.C. § 848(q)(4)(B), and did so in the context of a case in which a petitioner was unrepresented and had been for some time. The petitioner in *McFarland* was trying to have his execution stayed so that counsel could be appointed for him in a true, as well as a formal, sense. He apparently had not been represented, and counsel would need to be procured and to be allowed time to prepare.

In the instant case, petitioner had been represented by counsel who, although their competency is now attacked by current counsel, had filed and briefed voluminous objections at numerous stages. Further, petitioner was in fact represented by the Ohio Public Defender's Office for enough time that legal counsel could prepare and file with the Ohio Court of Appeals by June 1, 1992, a proposed list that assigned some thirty or more points in which previous appellate counsel was supposedly incompetent. Thus, the fact that a "petition for appointment of counsel" was filed under 21 U.S.C. § 848 on June 10, 1992, concurrent with the petition for a stay of execution, does not mean that petitioner was or is in any way truly unrepresented, either in state court or in federal court.

Consequently, the issue comes down to whether a petitioner who is clearly able and ready, though definitely unwilling, to file a petition for writ of habeas corpus, comes under the *McFarland* rule, which would permit a federal court to stay an execution without a pending habeas petition. We hold that *McFarland* does not extend that far. It would be a mockery of the limited role of federal courts in state criminal proceedings to allow federal courts simply to shut down the state capital-punishment process on the pretense that a habeas proceeding is "pending." There is no doubt that, so long as word processor and photocopier hold out,

---

**2.** We note that the Ohio Supreme Court has very recently addressed the issue of interminable filings in state court by declaring that it will, in certain circumstances, prohibit the granting of further stays of execution by lower state courts. *State v. Steffen,* 70 Ohio St.3d 399, 639 N.E.2d 67 (1994).

petitioners can continue to have proceedings pending in state court and to generate issues that have not been exhausted. The exhaustion requirement for federal habeas does not mean that petitioners can simply choose never to file a habeas so long as there is some additional contention that could be raised in state court. Thus, we hold that the *McFarland* decision does not create a generalized repeal of the requirement that a habeas petition must be pending for a federal court to stay an execution. Rather, it holds only that in a limited situation where a truly unrepresented prisoner requires representation in order to prepare a competent habeas petition, a federal court is not devoid of jurisdiction to issue such an order in aid of that particular end. Since that is not the situation here, the district court was without jurisdiction to stay the execution.

We therefore REVERSE the decision of the district court and DISSOLVE the stay of execution that had been granted thereby.