**Abu–Ali Abdur' RAHMAN**

v.

**Ricky BELL, Warden.**

No. 3:96–0380.

United States District Court,
M.D. Tennessee,
Nashville Division.

May 28, 1996.

Bradley Alan MacLean, Nashville, TN, William P. Redick, Jr., Whites Creek, TN, for petitioner.

John H. Baker, III, Gordon W. Smith, Nashville, TN, for respondent.

### MEMORANDUM

CAMPBELL, District Judge.

Pending before the Court is a Motion To Stay Execution and related Motions filed by Petitioner. A hearing was held on the Motions on May 28, 1996. For the reasons described herein, the Court GRANTS the Motion To Stay Execution.

## Background

Abu–Ali Abdur' Rahman, Petitioner, was convicted of first-degree murder and sentenced to death in 1987. His conviction and death sentence were affirmed on direct appeal by the Supreme Court of Tennessee. *State v. Jones,* 789 S.W.2d 545 (Tenn.1990).

Petitioner was denied post-conviction relief by the Tennessee courts. *Jones v. State,* 1995 WL 75427 (Tenn.Crim.App.1995). He sought a writ of certiorari in the United States Supreme Court, which was denied on February 20, 1996. *Jones v. Tennessee,* —— U.S. ——, 116 S.Ct. 933, 133 L.Ed.2d 860 (1996).

The Criminal Court of Davidson County then set an execution date for June 10, 1996.

Petitioner, on April 23, 1996, filed a Pro Se Petition For Writ Of Habeas Corpus (Docket No. 1) with this Court.

On April 25, 1996, the Court appointed the Federal Public Defender, or his designee, to represent Petitioner (Docket No. 4). The Federal Public Defender, due to a conflict of interest, could not represent Petitioner. Effective May 16, 1996, the Court appointed substitute counsel for Petitioner.

On May 21, 1996, Petitioner, pro se, filed a handwritten, unsigned, unnotarized "Affidavit" (Docket No. 18) wherein he stated, in pertinent part:

11.) The Affiant will no longer allow the Celts to treat him, like just another nigger.

12.) The Affiant now waives his appeals and now seeks to die as a prisoner of war.

Petitioner attended the hearing on May 28, 1996. At the hearing Petitioner testified under oath that he wanted to pursue the Petition and wanted to withdraw his "Affidavit."

## Discussion

The Court finds that the Petitioner's Motion for Stay of Execution (Docket No. 10) must be granted for the following reasons:

First, the Motion For Stay Of Execution is not opposed by the Respondent.

Second, the Supreme Court last month held that a district court is obligated to issue a stay of execution upon the filing of a first federal habeas petition, to prevent the case from being moot, if the district court cannot dismiss the petition on the merits before the scheduled execution. In *Lonchar v. Thomas,* —— U.S. ——, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) the Court held:

[I]f the district court cannot dismiss the petition on the merits before the scheduled execution, it is obligated to address the merits and must issue a stay to prevent the case from becoming moot. That is, if the district court lacks authority to directly dispose of the petition on the merits, it would abuse its discretion by attempting to achieve the same result indirectly by denying a stay. Of course, a district court is authorized to dismiss a petition summarily when "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ."

—— U.S. at ——, 116 S.Ct. at 1297 (citation omitted).

In this case, Petitioner's claims are substantial enough to prevent summary dismissal of the Petition under Rule 4 or Rule 9 of the Federal Habeas Corpus Rules,[1] and the

---

1. Rules Governing Section 2254 Cases In The United States District Courts; 28 U.S.C. § 2254. Rule 4 provides:

    The original petition shall be presented promptly to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer or other pleading within the period of time fixed by the court or to take such other action as the judge deems appropriate. In every case a copy of the petition and any order shall be served by certified mail on the respondent and the attorney general of the state involved.

    Rule 9 provides:

    (a) Delayed petitions. A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable

Respondent does not argue to the contrary. For example, the Tennessee Supreme Court, on direct appeal, found the trial court committed an evidentiary error, but held that such error was harmless. *State v. Jones*, 789 S.W.2d 545 (Tenn.1990). Also, in post-conviction proceedings, the trial and appellate courts found that trial counsel in the original case had been ineffective, but that Petitioner had not been prejudiced by such ineffective counsel. *Jones v. State*, 1995 WL 75427 (Tenn.Crim.App.1995).

Moreover, "[d]ismissal of a first federal habeas petition is a particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar*, ── U.S. at ──, ──, 116 S.Ct. at 1299, 1302. "A district court may, within the constraints of due process, expedite proceedings on the merits." *Id.* at ──, ──, 116 S.Ct. at 1297, 1300.

Third, Petitioner, by statute, has a right to counsel and that right is meaningless unless counsel is given an adequate opportunity to investigate the case and file an amended petition for habeas corpus. 21 U.S.C. § 848(q)(4)(B) provides:

> In any post conviction proceeding under section 2254 or 2255 of Title 28, seeking to vacate or set aside a death sentence, any defendant who is or becomes financially unable to obtain adequate representation or investigative, expert, or other reasonably necessary services shall be entitled to the appointment of one or more attorneys and the furnishing of such other services in accordance with paragraphs (5), (6), (7), (8), and (9).

This right to counsel does not in fact exist unless the attorneys for Petitioner have a reasonable opportunity to represent their client.

This conclusion is supported and required by *McFarland v. Scott*, ── U.S. ──, 114 S.Ct. 2568, 129 L.Ed.2d 666 (1994). McFar-

land commenced an action, pro se, in the federal district court, stating that he wished to file a petition for a writ of habeas corpus. He requested the appointment of counsel and a stay to allow time for counsel to file his petition. The Supreme Court held that the district court erred in not granting a stay of execution:

> In adopting § 848(q)(4)(B), Congress thus established a right to preapplication legal assistance for capital defendants in federal habeas corpus proceedings....
>
> Congress' provision of a right to counsel under § 848(q)(4)(B) reflects a determination that quality legal representation is necessary in capital habeas corpus proceedings in light of "the seriousness of the possible penalty and ... the unique and complex nature of the litigation." § 848(q)(7). An attorney's assistance prior to the filing of a capital defendant's habeas corpus petition is crucial, because "[t]he complexity of our jurisprudence in this area ... makes it unlikely that capital defendants will be able to file successful petitions for collateral relief without the assistance of persons learned in the law...."
>
> The language and purposes of § 848(q)(4)(B) and its related provisions establish that the right to appointed counsel includes a right to legal assistance in the preparation of a habeas corpus application. We therefore conclude that a "post conviction proceeding" within the meaning of § 848(q)(4)(B) is commenced by the filing of a death row defendant's motion requesting the appointment of counsel for his federal habeas corpus proceeding. McFarland filed such a motion and was entitled to the appointment of a lawyer. Even if the District Court had granted McFarland's motion for appointment of counsel and had found an attorney to represent him, this appointment would have been meaningless unless McFarland's execution also was stayed....

diligence before the circumstances prejudicial to the state occurred.

(b) Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination

was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

This conclusion by no means grants capital defendants a right to an automatic stay of execution. Section 2251 does not mandate the entry of a stay, but dedicates the exercise of stay jurisdiction to the sound discretion of a federal court. Under ordinary circumstances, a capital defendant presumably will have sufficient time to request the appointment of counsel and file a formal habeas petition prior to his scheduled execution. But the right to counsel necessarily includes a right for that counsel meaningfully to research and present a defendant's habeas claims. Where this opportunity is not afforded, "[a]pproving the execution of a defendant before his [petition] is decided on the merits would clearly be improper." On the other hand, if a dilatory capital defendant inexcusably ignores this opportunity and flouts the available processes, a federal court presumably would not abuse its discretion in denying a stay of execution.

A criminal trial is the "main event" at which a defendant's rights are to be determined, and the Great Writ is an extraordinary remedy that should not be employed to "relitigate state trials." At the same time, criminal defendants are entitled by federal law to challenge their conviction and sentence in habeas corpus proceedings. By providing indigent capital defendants with a mandatory right to qualified legal counsel in these proceedings, Congress has recognized that federal habeas corpus has a particularly important role to play in promoting fundamental fairness in the imposition of the death penalty.

We conclude that a capital defendant may invoke this right to a counseled federal habeas corpus proceeding by filing a motion requesting the appointment of habeas counsel, and that a district court has jurisdiction to enter a stay of execution where necessary to give effect to that statutory right. . . .

—— U.S. at ——–——, 114 S.Ct. at 2572–73 (citations omitted). The facts in this case are on point with those in *McFarland.*

The Court is mindful of the decisions of the Court of Appeals for the Sixth Circuit distinguishing *McFarland. In re Parker,* 49 F.3d 204 (6th Cir.1995); *Steffen v. Tate,* 39 F.3d 622 (6th Cir.1994). The facts in this case are more similar to *McFarland* than *Parker* or *Steffen* and, accordingly, *McFarland* controls.

*Parker* and *Steffen* involved prisoners who were "already well represented" by counsel and had engaged in dilatory tactics. *Parker,* 49 F.3d at 210; *Steffen,* 39 F.3d at 626. These are not the facts of the case before this Court.

Petitioner filed the current Petition pro se. He is not a lawyer. This is the first Petition that he has filed. It was filed without delay—approximately two months after the Supreme Court denied a writ of certiorari. The record does not reflect a history of abusing the writ by filing successive petitions.

Also, *Parker* and *Steffen* were decided prior to the *Lonchar* decision of the Supreme Court, which provides new guidance not considered by the Sixth Circuit in its opinions.

The Court is also aware that Petitioner has been convicted of an "especially heinous, atrocious or cruel" murder and sentenced to death. *State v. Jones,* 789 S.W.2d 545, 550 (Tenn.1990):

> The victim in this case was bound, gagged and blindfolded with duct tape. He was distressed, crying and begging not to be hurt. Defendant stood over him and stabbed him six times, four times penetrating the heart. He then watched as the victim went into convulsions, blood spewing from his nose and mouth. His accomplice testified, 'he was working himself up on a rhythm,' he was 'cool' and 'under control.' The victim continued to plead with the defendant as he was being stabbed.

*Id.*

The parties and the public are entitled to justice in a timely manner and to finality. It would be unjust to unduly delay this proceeding or to let it languish. Accordingly, the Court adopts the schedule set forth herein for counsel for Petitioner to investigate the case and file an amended petition, Respondent to answer, and for a status conference to control all further proceedings in the case,

consistent with the requirements of due process.

Given the above reasons in favor of a stay, balanced against the lack of opposition, this Court holds that a stay of execution must be granted, pursuant to 28 U.S.C. § 2251,[2] pending further order of the Court. Obviously, the stay will be vacated if the Court finds the case has no merit.

The Court GRANTS Petitioner's Motion for Time for Newly–Appointed Counsel To Investigate, Prepare And Present Habeas Corpus Petition And For Schedule For Filing Petition [and] Answer (Docket No. 10) for the same reasons the Court granted the Motion For Stay Of Execution. The following schedule shall apply:

1. Petitioner shall have until July 29, 1996 to prepare a request for investigative, expert, and other services pursuant to 21 U.S.C. § 848(q)(9).

2. Petitioner shall have until November 29, 1996 within which to file an amended petition for habeas corpus.

3. Respondent shall have until January 31, 1997 to answer or otherwise respond to the petition.

4. The Court shall hold a status conference on February 14, 1997, at 9:00 a.m. to schedule all further proceedings in the case. The parties shall confer and submit a proposed joint scheduling order by February 12, 1997. If the parties cannot agree, the proposed order shall indicate the areas of disagreement.

The Motion For Funds For Investigative And Expert Assistance; and Motion For Time For Counsel, Following Appointment To Investigate And Present All Possible Claims For Relief (Docket No. 1) contained in the pro se Petition are DENIED as moot.

The Motion by Petitioner, contained in Petitioner's Memorandum Filed By Recently Substituted Counsel In Anticipation of May 28, 1996 Hearing (Docket No. 16), for the Court to declare that the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, ("Act") is not applicable to this case is GRANTED in part and RESERVED in part.

Petitioner and Respondent agree that "Section 107. Death Penalty Litigation Procedures" of the Act does not apply. The Court holds that "Section 107. Death Penalty Litigation Procedures" of the Act, which created new "Chapter 154—Special Habeas Corpus Procedures in Capital Cases" of Title 28 of the United States Code, does not apply to this case. The parties and the Court agree that the State of Tennessee has not met the preconditions for application of that section of the Act.

The parties disagree on whether the balance of "Title I—Habeas Corpus Reform" applies to this case. The Court RESERVES decision on this issue.

The Motion of Petitioner, made in open court, to withdraw his "Affidavit" (Docket No. 18), whereby he sought to dismiss this case, is GRANTED and the "Affidavit" is withdrawn.

It is so ORDERED.

---

**2.** 28 U.S.C. § 2251 provides:

A justice or judge of the United States before whom a habeas corpus proceeding is pending, may before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

After the granting of such a stay, any such proceeding in any State court or by or under the authority of any State shall be void. If no stay is granted, any such proceeding shall be as valid as if no habeas corpus proceedings or appeal were pending.