IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 97-60038
_____

WILLIE RUSSELL,

                              Petitioner-Appellant,

v.

JAMES V ANDERSON, SUPERINTENDENT, MISSISSIPPI
STATE PENITENTIARY,

                              Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Mississippi
_____

July 22, 1998

Before POLITZ, Chief Judge, KING and PARKER, Circuit Judges.

PER CURIAM:[*]

     Petitioner-appellant Willie Russell appeals the district

court's denial of his motion for a stay of execution.  The State

of Mississippi moves to vacate the stay of execution entered by

this court and to dismiss Russell's appeal.  We affirm the

district court's order denying a stay and vacate the stay which

we entered.

_____

     [*]  Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIRCUIT
RULE 47.5.4.

# I. BACKGROUND

Willie Russell was convicted of capital murder of a law enforcement officer and sentenced to death. The Mississippi Supreme Court affirmed Russell's conviction but reversed his sentence of death. Russell v. State, 607 So. 2d 1107 (Miss. 1992). After a second sentencing hearing, Russell was again sentenced to death, and his sentence was subsequently affirmed by the Mississippi Supreme Court. Russell v. State, 670 So. 2d 816 (Miss. 1995). The United States Supreme Court denied his petition for certiorari on November 12, 1996. Russell v. Mississippi, 117 S. Ct. 436 (1996).

On January 3, 1997, the Mississippi Supreme Court set Russell's execution date for 12:01 a.m. on January 22, 1997. On January 20, 1997, Russell wrote a letter to the Mississippi Supreme Court asking that the court appoint him counsel. That night, attorneys Robert McDuff and James Craig submitted a motion to the Mississippi Supreme Court on Russell's behalf for a stay of execution and for appointment of counsel. On January 21, 1997, McDuff and Craig filed a motion for stay of execution in the United States District Court for the Northern District of Mississippi on Russell's behalf. Later that day, the Mississippi Supreme Court denied his motions for a stay of execution and for appointment of counsel, finding that Russell was still currently represented by his counsel on direct appeal who had not properly

withdrawn and that Russell's counsel on his petition for writ of certiorari to the United States Supreme Court had also appeared before the Mississippi Supreme Court. With respect to that order, McDuff and Craig filed a petition for writ of certiorari in the United States Supreme Court; the Supreme Court has subsequently dismissed that petition. Russell v. Mississippi, 117 S. Ct. 2407 (1997).

Also on January 21, 1997, the federal district court denied Russell's motion for a stay of execution, reasoning that it lacked jurisdiction to grant a stay under 28 U.S.C. § 2251 because (1) a habeas corpus petition had not been filed and (2) the exception to the filing requirement laid out in McFarland v. Scott, 512 U.S. 849 (1994), did not apply because Russell was represented by counsel. This court granted Russell a stay of execution pending appeal of that order the same day in order to enable us fully to consider the order. Subsequently, the State has filed a motion to vacate the stay of execution and to dismiss Russell's appeal.

## II. DISCUSSION

"Federal courts cannot enjoin state-court proceedings unless the intervention is authorized expressly by federal statute or falls under one or two other exceptions to the Anti-Injunction Act." McFarland v. Scott, 512 U.S. 849, 857 (1994) (citing Mitchum v. Foster, 407 U.S. 225, 226 (1972)). Under 28 U.S.C.

4

§ 2251, a federal judge "before whom a habeas corpus proceeding is pending" may stay a state proceeding "for any matter involved in the habeas corpus proceeding."  In McFarland, the Supreme Court determined that a federal court has jurisdiction to grant a stay of execution under § 2251 when necessary to give effect to the petitioner's statutory right to counsel on federal habeas review invoked by a motion requesting the appointment of counsel. 512 U.S. at 859.

Russell argues that the district court erred in finding that it did not have jurisdiction to grant a stay under 28 U.S.C. § 2251 because he had not filed a habeas petition and the exception to the filing requirement in McFarland did not apply because Russell was represented by counsel.  He contends that, under McFarland, the district court had jurisdiction to enter a stay and that the district court erred in determining that he was represented by counsel.  The State responds (1) that Russell is currently represented by counsel, making McFarland inapplicable; (2) that Russell has failed to exhaust his state post-conviction remedies and is therefore barred from currently seeking appointment of counsel in order to file a federal habeas petition; and (3) that his motion for a stay of execution is purely a dilatory tactic which should not be given effect by granting a stay.

We need not reach the bulk of the parties' arguments because the dispositive question (as the district court recognized) is

5

whether the district court had jurisdiction to grant a stay under

McFarland despite the fact that no actual federal habeas petition

had been filed.  We find that, assuming arguendo that Russell is

not represented by counsel for the purposes of 21 U.S.C.

§ 848(q)(4), McFarland provides no jurisdictional basis for the

court to grant a stay of execution in this case.

Russell's motion filed in the district court is entitled,

"Motion for Stay of Execution" and begins as follows:

> Willie Russell has filed a motion for appointment of counsel, and a motion for stay of execution, in the Supreme Court of Mississippi so that he may pursue his right to a post-conviction petition to challenge his conviction and sentence of death on federal constitutional grounds.  The Supreme Court of Mississippi has not granted his motion as of 1:40 PM today and he is scheduled to be executed as 12:01 AM on January 22, 1997--one minute past midnight tonight.  Copies of those requests, as filed in the Mississippi Supreme Court in Willie Russell v. State of Mississippi, No. 93-DP-00418-SC, are attached.

> Unless the execution is stayed, Mr. Russell will be unable to pursue his lawful rights and remedies under the Mississippi Post-Conviction Relief Act and under the writ of habeas corpus as guaranteed by federal law, 28 U.S.C. § 2254.  Unless the execution is stayed, he will be unable to seek the appointment of counsel in accordance with the Fourteenth Amendment and 21 U.S.C. § 848(q)(4)(B), to pursue those rights and remedies and to enforce the protections of the Constitution.

The motion then describes the difficulties in recruiting

volunteer counsel for collateral review of capital convictions

for Mississippi death-row inmates resulting from the fact that

Mississippi does not provide for appointment of counsel for

collateral proceedings.  The motion also notes that the counsel

6

filing this motion do not represent Russell and cannot accept appointment to his case. The motion ends by arguing that, under McFarland, the federal district court "has the power and duty to enter a stay to allow Mr. Russell to obtain appointment of counsel who will then have an opportunity to meaningfully research and present Mr. Russell's habeas claims."

In this motion, Russell never requests that the district court appoint him counsel to aid him in filing a federal habeas petition. He only states that the stay is necessary in order for him to have the opportunity to pursue his remedies in both state and federal court and "to seek the appointment of counsel" or "to allow [him] to obtain appointment of counsel." The language is carefully chosen to avoid actually requesting the appointment of counsel or suggesting that Russell has any present intention of filing a federal habeas petition. It is clear from the district court's order that only a motion for a stay of execution was before it; its order described the motion as a motion for a stay of execution while also noting that Russell had filed a motion for a stay of execution and a motion for appointment of counsel in the Mississippi Supreme Court. The parties' description of the motion in the district court as a motion for a stay and for appointment of counsel does not alter the true character of the motion.**

---

** In support of its conclusion that Russell did invoke his right to appointed counsel under 21 U.S.C. § 848(q)(4)(B),

7

In McFarland, the jurisdiction to enter a stay was necessary to give effect to the petitioner's invocation of his statutory right of counsel under 21 U.S.C. § 848(q)(4).  See 512 U.S. at 859; see also Williams v. Cain, No. 98-30587, 1998 WL 314747, at *1 (5th Cir. June 16, 1998) (stating McFarland's holding); Steffen v. Tate, 39 F.3d 622, 623 (6th Cir. 1994) (same).  In this case, however, the district court never had jurisdiction to enter a stay of execution because Russell (1) never sought appointment of counsel, (2) never filed a federal habeas petition, or (3) assuming arguendo that an announced intention to file a federal habeas petition shortly would be grounds for a stay, see Steffen, 39 F.3d at 625, never announced such an intention.  Russell's reference to protecting his rights to seek state and federal remedies does not alter the fact that the

the dissent points to Russell's state court pleadings in which "Russell unequivocally requests the appointment of counsel through his handwritten, *pro se* correspondence and accompanying motion for appointment of counsel."  We have difficulty understanding how the fact that Russell was contemporaneously pursuing the appointment of counsel from the state court supports the dissent's conclusion that he was also asking the federal district court to appoint counsel;  that fact seems to us to cut the other way.  The dissent also points to a "Reply in Support of Motion for Stay of Execution and Appointment of Counsel" wherein Russell notes that nineteen exhausted challenges are available for federal habeas review and that appointment of counsel is therefore "permissible" under § 848(q).  That "Reply" is somewhat of a mystery.  It was never docketed in the district court and is not file-stamped.  Our best guess is that it was faxed by attorneys McDuff and Craig to the district judge's chambers at some point late in the day of January 21.  Although it bears a caption that includes the words "Appointment of Counsel," it does not directly ask for appointment of counsel and ends by asking simply for a stay.

8

district court lacked jurisdiction to enter a stay.  We leave it to the state courts to administer state remedies, and no jurisdiction exists for a federal district court to enter a stay to allow a petitioner to pursue his state-court remedies.  <u>See</u> <u>Steffen</u>, 39 F.3d at 624-25 (rejecting petitioner's argument under both the All Writs Act and § 2251 that a stay can be granted in order for the petitioner to pursue his state-court arguments to preserve them for review in a federal habeas petition).

Russell's counsel on this motion are experienced capital defense counsel and know how to invoke federal jurisdiction. They did not do so here.

### III.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's order and VACATE the previously entered stay of execution. The respondent's motion to dismiss the appeal is DENIED as moot.