**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 21 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SCOTT ALLEN HAIN,

          Petitioner - Appellant,

v.

MIKE MULLIN, Warden, Oklahoma
State Penitentiary,

          Respondent - Appellee.

Nos. 03-5038 and 03-5049
(D.C. No. 98-CV-331-K)
(N.D. Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **LUCERO**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of the

appeal in Case No. 03-5049. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). That

case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of
the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders
and judgments; nevertheless, an order and judgment may be cited under the terms and conditions
of 10th Cir. R. 36.3.

Petitioner Scott Hain, an Oklahoma state prisoner convicted of capital murder and scheduled for execution on April 3, 2003, has filed an emergency motion for stay of execution pending the outcome of his appeal in Case No. 03-5038. Additionally, in Case No. 03-5049, Hain appeals from the district court's denial of a similar motion for stay of execution pending appeal. For the reasons that follow, we deny Hain's emergency motion and affirm the district court's denial of a stay of execution.

Between 1998 and January 2003, Hain unsuccessfully sought federal habeas relief pursuant to 28 U.S.C. § 2254. See Hain v. Gibson, 287 F.3d 1224 (10th Cir. 2002) (affirming district court's denial of habeas relief), cert. denied, 123 S.Ct. 993 (2003). Oklahoma authorities have now scheduled Hain's execution for April 3, 2003. On February 12, 2003, Hain filed a motion in federal district court asking for confirmation that his federally funded counsel, originally appointed by the district court to represent him in his § 2254 habeas proceeding, was obligated under 21 U.S.C. § 848(q)(8) to represent him in a pending state clemency proceeding. The district court denied the motion and Hain appealed. In connection with his appeal, Hain filed an emergency motion for stay of execution. Hain also filed a similar motion with the district court. On March 6, 2003, the district court denied Hain's motion.

We conclude there is no basis for granting a stay of execution under these circumstances. Under 28 U.S.C. § 2251, a federal court "before whom a habeas corpus proceeding is pending" may enjoin related state court proceedings, including a scheduled

execution. See McFarland v. Scott, 512 U.S. 849, 858 (1994). Here, however, Hain's federal habeas proceedings have been finally resolved. Although Hain is currently seeking approval for federally appointed and funded counsel to represent him in his upcoming state clemency proceedings, it is clear there is no habeas corpus proceeding pending before the district court or this court. Thus, § 2251 affords no authority to the district court or us to enjoin Hain's scheduled execution. And, absent specific authority under § 2251, we are not persuaded that Fed. R. App. 8(a) or the All Writs Act, 28 U.S.C. § 1651, afford us such authority either. See Steffen v. Tate, 39 F.3d 622, 625 (6th Cir. 1994) (concluding district court did not have jurisdiction under the All Writs Act to stay execution of state inmate).

Hain's emergency motion for stay of execution in Case No. 03-5038 is DENIED. The judgment of the district court is AFFIRMED in Case No. 03-5049.

ENTERED FOR THE COURT

Mary Beck Briscoe
Circuit Judge