[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-10595
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 24, 2006
THOMAS K. KAHN
CLERK

IN RE:

CLARENCE EDWARD HILL,

                                                          Petitioner.

_____

Application for Permission to File a
Successive Habeas Corpus Petition in the
District Court for the Middle District of Florida
and for a Stay of Execution
_____

(January 24, 2006)

Before EDMONDSON, Chief Judge, TJOFLAT and PRYOR, Circuit Judges.

BY THE PANEL:

I.

Petitioner, Clarence Hill has been convicted of capital murder in a Florida

circuit court and sentenced to death by execution.  On November 28, 2005, the

Governor of Florida signed a warrant scheduling Hill's execution for Tuesday,

January 24, 2006 at 6:00 p.m.  On Friday, January 20, 2006, Hill filed an

application in this court pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended, for leave to file in the district court a second or successive petition for a writ of habeas corpus barring the State from carrying out his execution. At the same time, he asked us to stay his execution pursuant to 28 U.S.C. §§ 1651 and 2251 pending the district court's disposition of his second or successive habeas petition.

Under 28 U.S.C. § 2244, "a claim presented in a second or successive habeas corpus application . . . that was not presented in a prior application shall be dismissed" unless the court of appeals "determines that the application makes a prima facie showing that the applica[nt has] satisfie[d]" one of the following requirements:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

In his application, Hill states that he wishes to file a second or successive petition presenting two claims. The first claim is that he is brain damaged and/or mentally retarded, with the mental age of ten years, and that executing him would constitute cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. The second claim is that he is exempt from execution under the Eighth Amendment because he is mentally retarded and/or suffering from severe brain damage, and that his death would not be an appropriate punishment under Atkins v. Virginia, 536 U.S. 304, 122 S. Ct. 2242, 153 L.Ed.2d 335 (2002). Although Hill cites Atkins only in support of his second claim, it appears to apply to his first claim as well.[1]

Atkins meets the requirement of 28 U.S.C. § 2244(b)(2)(A), as we noted in In Re: Holladay, 331 F.3d 1169, 1172 (11th Cir. 2003):

> In this case, there is no question that the rule recently announced by the Supreme Court in Atkins – that the execution of mentally retarded persons constitutes "cruel and unusual punishment" in violation of the Eighth Amendment – is a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.

Hill first sought collateral review of his Atkins claims in the state circuit

---

[1] Hill also relies on Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 1198, 161 L.Ed.2d 1 (2005), which prohibits the execution of prisoners who were under the age of 18 at the time they committed their capital offense. Hill was 23 at the time of the offense. The constitutional right recognized in Roper is therefore entirely inapplicable to Hill.

3

court in which he was convicted. On December 15, 2005, in a motion filed to pursuant Fla. R. Crim. P. 3.850, he asked the court for relief from his death sentence on the two Atkins grounds he presented in his 28 U.S.C. § 2244(b)(3)(A) application to us. On December 23, 2005, the circuit court denied the motion without an evidentiary hearing. The court did so for two reasons: first, the claims were procedurally barred by Fla. R. Crim. P. 3.203 and 3.851(e)(2)(B); second, the claims failed to state a federal constitutional ground for relief. On January 3, 2006, the circuit court denied Hill's motion for rehearing, and Hill appealed its December 23, 2005 and January 3, 2006 rulings to the Florida Supreme Court.

The supreme court heard argument on January 11, 2006 and, on January 17, 2006, affirmed the circuit court's rulings, finding Hill's Atkins claim procedurally barred pursuant to Fla. R. Crim. P. 3.203 and 3.851(e)(2)(B). Hill v. State, No. SC06-2, 2006 Fla. LEXIS 8, at *9-10 (Fla. Jan. 17, 2006).

On January 20, 2006, Hill filed the application now before us.

## II.

28 U.S.C. § 2244(d) states, in relevant part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
. . .
    (C) the date on which the constitutional right asserted was

4

initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

. . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Hill's § 2244(b)(3)(A) application is untimely. Atkins was decided on June 20, 2002. Thus, Hill had until June 20, 2003 to file the instant application. He did not file it, though, until January 20, 2006, 31 months later. As directed by section 2244(d), we must deduct from this 31-month period "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to [Hill's Atkins] claim[s was] pending." Rule 3.850 collateral review was pending in the Florida courts for 33 days – from December 15, 2005, when he filed his Rule 3.850 motion in the circuit court, through January 17, 2006, when the supreme court affirmed the circuit court's denial of relief. When we deduct these 33 days from the period beginning June 20, 2002 and ending January 20, 2006, we find that Hill's application is over 29 months late and is therefore time-barred.[2] In sum, the application is DENIED.

Having reached this decision, the question becomes whether we have

_____

[2] Even if we additionally tolled the limitation period during the pendency of Hill's Rule 3.850 proceeding raising a Ring v. Arizona claim, Hill application is still time-barred.

5

jurisdiction to entertain Hill's application for a stay of execution under 28 U.S.C. § 1651 or 2251. The answer to the question is no. Section 1651(a), the All Writs Act, states:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages of law.

The Act does not make the application for a stay (such as the one Hill presents) a civil action under 28 U.S.C. § 1331; rather, it empowers a federal court – in a case in which it is already exercising subject matter jurisdiction – to enter such orders as are necessary to aid it in the exercise of such jurisdiction. See Steffen v. Tate, 39 F.3d 622, 625 (6th Cir. 1994). We had jurisdiction to entertain Hill's § 2244(b)(3)(A) application. When we denied it, our jurisdiction ceased and with it our power to grant Hill All Writs Act relief.[3]

We reach the same conclusion with respect to Hill's application for a stay under 28 U.S.C. § 2251. That provision states:

> A justice or judge of the United States before whom a habeas corpus proceeding is pending may, before final judgment or after final judgment of discharge, or pending appeal, stay any proceeding against the person

---

[3] Our jurisdiction is extinguished under 28 U.S.C. § 2244(b)(3)(E), which states:

> The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or a writ of certiorari.

> detained in any State court or by or under the authority of any State for any matter involved in the habeas corpus proceeding.

We have denied Hill's application to file a second or successive petition. Accordingly, no habeas corpus proceeding (brought by Hill) is pending in this court, and we lack the power to grant him the § 2251 relief he seeks.  See <u>Steffen v. Tate</u>, 39 F.3d at 625-26.  His application for a stay of his execution is therefore DENIED.

      SO ORDERED.