[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 29, 2009
THOMAS K. KAHN
CLERK

No. 08-16732
Non-Argument Calendar

_____

D. C. Docket No. 08-20466-CV-ASG

LEONARDO T. MORALES,

Petitioner-Appellant,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Walter A. McNeil, Secretary,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 29, 2009)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Leonardo T. Morales, a Florida state prisoner proceeding pro se, appeals the district court's dismissal of his petition for habeas corpus, 28 U.S.C. § 2241, and request for relief under the All Writs Act, 28 U.S.C. § 1651(a), for failure to obtain permission to file a second or successive habeas petition in accordance with 28 U.S.C. § 2244(b)(3)(a). We denied Morales's motion for a certificate of appealability (COA) to challenge the dismissal of his § 2241 habeas petition because he failed to secure permission to file a successive petition for habeas relief. With regard to the denial of his request for relief pursuant to § 1651(a), we denied his motion for a COA as unnecessary.

On appeal, Morales argues that the district court abused its discretion by dismissing his petition for relief under the All Writs Act because he has no other available remedy under state or federal law to litigate his claims for relief.

The denial of a collateral attack on a conviction, brought pursuant to the All Writs Act, presents a question of law and, as such, is reviewed de novo. See Sawyer v. Holder, 326 F.3d 1363, 1365, 1365 n.4 (11th Cir. 2003) (addressing the availability of relief under 28 U.S.C. § 2241). The All Writs Act grants federal courts the power to issue writs "necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). However, "[t]he All Writs Acts is a residual source of authority to issue

2

writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."  Pennsylvania Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985).  Although the Act "empowers federal courts to fashion extraordinary remedies when the need arises, it does not authorize them to issue ad hoc writs whenever compliance with statutory procedures appears inconvenient or less appropriate."  Id.  Accordingly, common law writs, such as coram nobis and audita querela, survive only to the extent that they fills gaps in the system of federal post-conviction remedies.  See United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) (holding that the common law "writ of audita querala may not be granted when relief is cognizable under § 2255").  Moreover, the Act does not create any substantive federal jurisdiction; "rather, it empowers a federal court – in a case in which it is already exercising subject matter jurisdiction – to enter such orders as are necessary to aid it in the exercise of such jurisdiction."  In re Hill, 437 F.3d 1080, 1083 (11th Cir. 2006).

When a state prisoner is "in custody pursuant to the judgment of a State court," his petition for a writ of habeas corpus is governed by both § 2241 and the restrictions set forth in § 2254.  Medberry v. Crosby, 351 F.3d 1049, 1062 (11th Cir. 2003).  In order to file a second or successive § 2254 petition, the petitioner

3

must first obtain an order from the court of appeals authorizing the district court to consider it. 28 U.S.C. § 2244(b)(3)(A). Absent authorization, the district court lacks jurisdiction to consider a second or successive petition. See Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion to vacate under 28 U.S.C. § 2255).

Because Morales could not circumvent the statutory requirements for filing a successive § 2254 petition by invoking the All Writs Act, the district court properly dismissed his request for relief under § 1651(a) for failure to obtain permission to file a successive habeas petition. Moreover, because the All Writs Act does not establish an independent source of subject matter jurisdiction, the district court also lacked jurisdiction to grant the requested relief after it determined that Morales failed to satisfy the jurisdictional requirements for filing a successive habeas petition. Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**