[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2010
JOHN LEY
CLERK

No. 09-14179
Non-Argument Calendar

_____

D. C. Docket No. 02-00122-CR-T-24-EAJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD RAY LANGDON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 18, 2010)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Ronald Ray Langdon appeals pro se the denial of his petition for relief under the All Writs Act. 28 U.S.C. § 1651. Langdon sought reconsideration of his motion to reduce his sentence, see 18 U.S.C. § 3582(c)(2). We affirm.

Langdon has unsuccessfully attempted on several occasions to reduce his sentence. After Langdon was convicted of conspiring to possess with intent to distribute cocaine hydrochloride, cocaine base, and marijuana, 21 U.S.C. §§ 841(b)(1)(A), (B), 846, we affirmed his sentence of 360 months of imprisonment, United States v. Langdon, No. 03-15131, slip op. at 16–17 (11th Cir. Sept. 20, 2005). Langdon next moved to vacate his sentence on the ground that his sentence had been enhanced in violation of United States v. Apprendi, 530 U.S. 466, 120 S. Ct. 2348 (2000). 28 U.S.C. § 2255. The district court denied relief. Later, Langdon moved to reduce his sentence based on Amendment 706 to the Sentencing Guidelines. 18 U.S.C. § 3582(c)(2). The district court denied Langdon's motion, and we affirmed. United States v. Langdon, No. 08-16297 (11th Cir. Apr. 10, 2009).

Recently, Langdon petitioned for a "[w]rit of audita querela, or coram nobis, or prohibition, or mandamus" under the All Writs Act, 28 U.S.C. § 1651, and requested that the district court "reopen [his] § 3582 motion" and reduce his sentence based on a reduction given to his codefendant, Albert Jones. Langdon

2

also reasserted his argument that his sentence violated <u>Apprendi</u>.  The district court denied the petition and ruled that the "facts and amount of cocaine for which Langdon [and Jones] [were] held responsible differ[ed] . . . ."  Langdon moved for reconsideration, which the district court denied.  The district court explained that Langdon and Jones had the "same base offense level and . . . amount of drugs for which they were held responsible" and, although the court had "erred in reducing Jones's sentence," that error did not provide a "reason to reduce Langdon's sentence."

The district court did not err by denying Langdon's petition under the All Writs Act, which does not confer jurisdiction to reconsider a motion to reduce a sentence.  <u>See</u> <u>In re Hill</u>, 437 F.3d 1080, 1083 (11th Cir. 2006) (the All Writs Act "empowers a federal court—in a case in which it is already exercising subject matter jurisdiction—to enter such orders as are necessary to aid it in the exercise of such jurisdiction").  Even if we were to treat Langdon's petition as a motion for reconsideration, the motion was untimely because it was filed more than 10 days after the district court denied Langdon's motion to reduce his sentence.  <u>See</u> <u>United States v. Phillips</u>, 597 F.3d 1190, 1196–99 (11th Cir. 2010).

The denial of Langdon's petition is **AFFIRMED**.

3