Achamyeleh Demwozie GEBEHEHU, Petitioner,

v.

IMMIGRATION AND NATURAL-IZATION SERVICE, Co–Respondent,

Brian R. Perryman, District Director, Chicago District, Immigration and Naturalization Service, Co–Respondent,

John Doe, Carrier, Co–Respondent,

Ms. Walton, as Deportation Officer, Chicago District, Immigration and Naturalization Service, Co–Respondent.

No. 95 C 58.

United States District Court, N.D. Illinois, Eastern Division.

Feb. 26, 1997.

Don L. Chadwick, Chicago, IL, for Achamyeleh Demwozie Gebehehu.

James G. Hoofnagle, U.S. Attys. Office, Asst. U.S. Atty., Chicago, IL, for I.N.S., A.D. Moyer and Ms. Walton.

### *OPINION AND ORDER*

NORGLE, District Judge:

Petitioner seeks habeas corpus review of the District Director's denial of his application for a stay of deportation. Because the court finds that the District Director's deci-

sion was not an abuse of discretion, the court denies the instant petition.

■ Petitioner concedes that the only order this court has jurisdiction to review is the District Director's denial of Petitioner's application for a stay of deportation pending a ruling on a motion to reopen the application for political asylum. *See Bothyo v. Moyer,* 772 F.2d 353, 355 (7th Cir.1985). The Government, however, contends that the recently-enacted Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") bars this court from asserting jurisdiction over the case. However, the Seventh Circuit has already discarded the Government's argument, holding that the section to which the Government cites, 8 U.S.C. § 1252(g) (Section 242(g) of the Immigration and Naturalization Act), is "not effective until April 1, 1997." *Lalani v. Perryman,* 105 F.3d 334, 336 (7th Cir. 1997). Therefore, the court reviews the District Director's written denial of a deportation stay petition.

■ The administrative regulation applicable to stays of deportation, 8 C.F.R. § 243.4, provides that a district director, in his or her discretion, "may grant a stay of deportation for such time and under such conditions as he [or she] may deem appropriate." When exercising discretion, the District Director must weigh "all relevant favorable and unfavorable factors and state [his or her] reasons for denying relief. [A federal court should] not, however, determine the weight that should be given to each factor examined." *Guevara v. INS,* 52 F.3d 714, 715 (7th Cir. 1995).

■ Because Congress gave the District Director discretion when deciding the stay petition, the court reviews the District Director's denial of the petition under the familiar abuse of discretion standard. *Cordoba–Chaves v. INS,* 946 F.2d 1244, 1246 (7th Cir.1991), *Siu Fung Luk v. Rosenberg,* 409 F.2d 555, 559 (9th Cir.1969). Under that standard, the court must limit its review of the decision "to whether the discretion was actually exercised and whether it was exercised in an arbitrary or capricious manner." *Garcia–Lopez v. INS,* 923 F.2d 72, 74 (7th Cir.1991). Put another way, the court must uphold the District Director's decision unless it finds that the decision (1) was made without rational explanation, (2) inexplicably departed from established policies, or (3) rested on an impermissible basis such as invidious discrimination against a particular race or group. *Bal v. Moyer,* 883 F.2d 45, 47 (7th Cir.1989).

Looking to the District Director's order at issue, the court notes that the two-page, single-spaced order includes an in-depth history of the totality of Petitioner's proceedings before the Immigration and Nationalization Service, an agency of the United States Department of Justice. Most notably, the District Director points out that Petitioner neglected to appear for a deportation hearing, and failed to depart on the voluntary departure date, necessitating the issuance of a warrant. After the factual chronology, the District Director addressed Petitioner's overriding concern, that due to his political background, he would face persecution if deported to his native country, Ethiopia. The District Director then dismissed the contention, noting that Petitioner "was afforded every opportunity before and during his deportation proceedings to present factual and evidentiary material in support of his claim for asylum in the United States before an immigration judge and the [Board of Immigration Appeals]." The director then stated, "After careful consideration and review of the record, it is concluded that a favorable exercise of discretion is not warranted in this case," thus denying the stay request.

■ Petitioner does not argue that the District Director based his decision on an impermissible basis or departed from established policies. Rather, Petitioner argues that the District Director's decision was an irrational one. The court disagrees.

As required, the District Director listed the relevant factors, namely the case history, and his or her reasons for denying relief. Petitioner's argument that the District Director failed to give a sufficient "reasoned discussion" of the findings upon which he or she based the denial of the stay petition stands in the face of contrary caselaw; such "a reasoned discussion" is not required. *Ghaly v. INS,* 48 F.3d 1426, 1433 (7th Cir.

1995). Indeed, the District Director "need not ... write an exegesis on every contention. What is required is merely that [the District Director] consider the issues raised and announce [his or her] decision in terms sufficient to enable a reviewing court to perceive that [he or she] has heard and thought and not merely reacted." *Vergara–Molina v. INS,* 956 F.2d 682, 685 (7th Cir.1992). Here, the decision on review makes clear that the District Director heard Petitioner's contentions and thought about the decision prior to issuing the order. Accordingly, the court finds that the District Director's decision, though not an extensive document outlining each and every contention, passes muster under the applicable standard of review. Therefore, because the District Director's denial of the stay petition was not an abuse of discretion, the court denies the instant Petition and terminates the case.

IT IS SO ORDERED.