**Robert Sedrak SAFARIAN, Jr.**

v.

**Janet RENO, Attorney General of the United States.**

**Civil Action No. 96–3138.**

United States District Court, E.D. Louisiana.

April 23, 1997.

---

Sedrak Safarian, Jr., New Orleans, LA, pro se.

Kathryn Weekley Becnel, U.S. Attorney's Office, New Orleans, LA, for Janet Reno and U.S. Immigration and Naturalization Service.

DUVAL, District Judge.

Before the Court are four motions, (1) a Motion for Leave to Proceed in *forma pauperis*, (2) a Petition for Writ of Habeas Corpus by a Person in Federal Custody, pursuant to 28 U.S.C. § 2241, and (3) a Motion for Enlargement on Bond, and (4) a Motion to Return Petitioner to the District of Nevada.

Having reviewed the memoranda, the pleadings, and the relevant law, this Court finds that it does not have jurisdiction over these claims and therefore, Petitioner's Motions are **DENIED**.

## FACTS:

Petitioner, Sedrak Safarian Jr. ("Safarian"), is a native and citizen of Armenia. Safarian has resided in the United States since December 19, 1974, when he was conditionally admitted as a refugee from Communist Armenia pursuant to Section 203(a)(7) of the Immigration and Nationality Act; 8 U.S.C. § 1201(a). On April 1, 1980, Safarian became a lawful permanent resident of the United States retroactive to December 19, 1974.

As an adult, Safarian has been convicted of seven crimes and has spent over seven years in incarceration. On November 18, 1988, Safarian was convicted, upon a plea of guilty, to second degree burglary of a vehicle, attempted grand auto theft, and possession of cocaine. Safarian was convicted for possession of cocaine a second time on March 26, 1991 and a third time on August 6, 1992.

The INS commenced deportation proceedings after Safarian was released from incarceration following his 1988 conviction, by issuing an Order to Show Cause on June 4, 1990. Safarian was charged with deportability pursuant to section 241(a)(11) of 8 U.S.C. § 1251(a)(11) because he was an alien who was convicted of a violation involving a controlled substance. Safarian posted a $2,000.00 bond and was released from custody. While deportation proceedings were pending, Safarian was incarcerated for his second cocaine related offense. When Safarian was released in 1992, the INS took him

into custody and Safarian was released on $4,000.00 bond.

Safarian's conviction for his third cocaine related offense interrupted the deportation proceedings a second time, and they were administratively closed. Upon Safarian's release from incarceration, the INS took him into custody and reopened immigration proceedings. On December 20, 1994 the INS lodged an additional charge of deportability against Safarian under 8 U.S.C. § 1251(a)(2)(A)(iii), because Safarian was convicted a second time of possession of cocaine, making him an aggravated felon. Bond was set at $10,000.00, but later reduced to $7,000.00. Safarian's brother posted bail, and Safarian was released from custody on January 28, 1995. Safarian failed to appear at his June 20, 1995 deportation hearing.

When the INS regained custody of Safarian, he was held without bond. Safarian's final deportation hearing was held on November 15, 1995, at which time an order of deportation was entered against Safarian. Safarian filed, but later withdrew, his appeal and the deportation order became final on December 20, 1995.[1] Since that time, INS has been unable to obtain the necessary travel documents required to effectuate his deportation to Armenia.

Safarian is currently confined in the Orleans Parish Prison in New Orleans, Louisiana where he has been housed since August 20, 1996. Safarian has been recommended for placement in the About Face Program conducted the Orleans Parish Prison, which would permit his supervised release. Although Safarian's name is on a waiting list, he has not been admitted to this program because only a limited number of participants are accepted.

Safarian filed a Writ of Habeas Corpus under 28 U.S.C. § 2241 on September 11, 1996, while temporarily housed at the North Las Vegas Detention Center. The present action was transferred to this Court by the United States District Court in Nevada.

Safarian does not challenge the validity of his deportation order, but seeks to have this Court order him released from INS custody pending deportation. Safarian claims that the INS had until June 20, 1996, to effect deportation and that in that time, the INS has been unable to do so (Safarian has been in INS custody awaiting deportation for roughly 20 months). Safarian claims that the INS's failure to deport within six months of the final order of deportation requires his immediate unrestricted release, or in the alternative, a release with conditions under 8 U.S.C. § 1252(c)(1996).

## JURISDICTION:

Congress recently amended the Immigration and Nationality Act ("INA") by enacting the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214, 1277 ("AEDPA") on April 24, 1996, and by enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Pub.L. No. 104–208, 110 Stat. 3009 ("IIRIRA") on September 30, 1996. Both of these Acts affect the jurisdiction of a district court to review certain immigration actions.

### AEDPA

Prior to the enactment of the AEDPA, 8 U.S.C. § 1105a(a)(10) provided that "[A]ny alien held in custody pursuant to an order of deportation may obtain judicial review thereof by habeas corpus proceedings." The availability of this statutory grant of habeas corpus review was expressly revoked by Section 401(e) of the AEDPA.[2] Thus, as of April 24, 1996 there is no longer a statutory provision in the INA providing jurisdiction for habeas corpus petitions brought by aliens challenging discretionary decisions regarding

---

1. Safarian waived his appeal and the order of deportation became final on December 20, 1995. 8 C.F.R. § 3.37

2. The AEDPA added a new provision in its place which stated:
 Any final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 1251(a)(2)(A)(iii), (B)(C) or (D) of this title … shall not be subject to review by any court. 8 U.S.C. § 1105a(a)(10) (As amended by § 440(a) of the AEDPA) (repealed by the IIRIRA). Petitioner is not seeking review of his order of deportation and thus, this provision is not relevant here.

their final deportation orders.[3] *See, Moore v. INS*, 956 F.Supp. 878, 880–82 (D.Neb. 1997). Safarian filed his petition for Writ of Habeas Corpus after the enactment date of the AEDPA, and the habeas corpus review formerly allowed under 8 U.S.C. § 1105a(a)(10) is not available here. *See, Duldulao v. Reno*, 958 F.Supp. 476, 478–79 (D.Hawai'i 1997); *Vakalala v. Schiltgen*, No. C–97–0492SI, 1997 WL 102501 at *2 (N.D.Cal. Feb.26, 1997).

Under the AEDPA, Congress removed from circuit courts and district courts the jurisdiction to review final orders of deportation, and removed the statutory provisions allowing habeas corpus review of discretionary deportation decisions, however, federal courts were not completely divested of jurisdiction to conduct habeas corpus reviews. *Anwar v. INS*, 107 F.3d 339, 342 (5th Cir. 1997). Even under the AEDPA federal courts retained jurisdiction for issues such as due process challenges that did not involve administrative deportation decisions. *Id.* The AEDPA did not contain the "clear and convincing evidence in the statute" necessary for courts to find that Congress intended to preclude constitutional questions from review. *Id.* Sections 440 and 401 of the AEDPA, only repealed the availability of habeas corpus under 8 U.S.C. § 1105a(a)(10), they did not contain any express language repealing habeas corpus review under 28 U.S.C. § 2241 or any other provision of law.

In other cases, the INS agreed that, although the AEDPA repealed the previous statutory authorization for habeas corpus review of final deportation orders, any habeas review required by the Constitution remained available *See, Veliz v. Caplinger*, No. 96–1508, 1997 WL 61456 at*2 (E.D.La. Feb 12, 1997) *citing, Kolster v. INS*, 101 F.3d 785, 790–91 (1st Cir.1996); *Moore*, 956 F.Supp. at 882–83.

**IIRIRA:**

The power of judicial review was further restricted by the enactment of the IIRIRA on September 30, 1996. Section 306 of the IIRIRA rewrote 8 U.S.C. § 1252 which governs judicial review of immigration matters. Section 1252 limits the review of immigration matters as follows:

— With the exception of orders issued without hearing denying an alien entry into the United States pursuant to § 1225(b)(1), final orders of removal are reviewable only by the court of appeals pursuant to 28 U.S.C. § 158. 8 U.S.C. § 1252(a)(1).

— Subsection (b) provides that review of 'all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States ... shall be available only in judicial review of a final order under this section.' 8 U.S.C. § 1252(b)(9).

—Section § 1252(b)(6) provides that any pending motions to reopen or reconsider a removal order are to be consolidated with the review of the final order itself.

— Denials of discretionary relief (including INS decisions regarding voluntary departure and the adjustment of status based on marriage or other family relationship), orders issued against criminal aliens, and exclusion orders of immigration judges based solely on certification that an alien has an excludable disease are not subject to judicial review by any court. 8 U.S.C. § 1252(a)(2).

— Habeas relief is available only for review of orders of an immigration officer under § 1225(b)(1), and then is limited to determinations of whether (A) petitioner is an alien, (B) whether petitioner was removed pursuant to § 1225(b)(1); and (C) whether petitioner can prove he is an alien lawfully admitted for permanent residence, has been admitted as a refugee, or has been granted asylum. 8 U.S.C. § 1252(e)(2).

Section § 1252(f) restricts the courts' ability to enter injunctive relief in favor of an alien. Specifically, no court may enjoin the removal of an alien pursuant to a final

---

**3.** 8 U.S.C. § 1252, as revised by the IIRIRA does allow some limited habeas corpus review, but petitioner is not eligible for that limited relief.

order 'unless the alien shows by clear and convincing evidence that the entry or execution of such order is prohibited as a matter of law.'

*Benziane v. INS,* 960 F.Supp. 238, 240 (D.Colo.1997). These limited review provisions are further restricted by the following language under § 1252(g):

> Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this act.

8 U.S.C. § 1252(g).

EFFECTIVE DATE:

The language in IIRIRA § 309 sets out the effective date of the IIRIRA amendments, providing that:

> [e]xcept as provided in this section and sections 303(b)(2), 306(c), 308(d)(2)(D), or 308(d)(5) of this division, this subtitle shall take effect on the first day of the first month beginning more that 180 days after the date of the enactment of this Act.

IIRIRA § 309.

Under this term, because the IIRIRA was enacted on September 30, 1996, the effective date is April 1, 1997.

Section 309 also determines the application of the IIRIRA amendments providing:

> Subject to the succeeding provisions of this subsection, in the case of an alien who is in exclusion or deportation proceedings before the Title III–A effective date [April 1, 1997]—(A) the amendments made by this subtitle shall not apply, and (B) the proceedings (including judicial review thereof)

shall continue to be conducted without regard for such amendments.

II RIRA § 104, 309(b)(C)(1), Pub.L. 104–208.

An express exception to the language in § 309 calling for prospective application of the IIRIRA is found in § 306(c)(4) which provides for retroactive application of 8 U.S.C. § 1252(g). Section 306 states that the exclusive jurisdiction provision in section § 1252(g) shall apply "without limitation to claims arising from all past, pending or future exclusion, deportation, or removal proceedings under such Act." IIRIRA 306(c)(1), as amended by technical corrections on October 11, 1996, Pub.L. 104–302, 110 Stat. 3656. There is debate as to whether the section § 1252(g) became effective upon enactment of the IIRIRA,[4] or on the April 1, 1997 effective date,[5] but since both have passed, the amendment, with its retroactive provisions must be applied to the case at hand.

 Most of the IIRIRA amendments do not apply because this action was already pending on the April 1, 1997 effective date. *See, Yang v. INS,* 109 F.3d 1185 (7th Cir. 1997) Nevertheless, due to the retroactivity provision in § 306(c), the exclusive jurisdiction of § 1252(g) does apply even though Safarian filed his habeas corpus action before the effective date of IIRIRA.

EFFECT OF § 1252(g):

 Generally, § 1252 has been held to divest the district court completely of all jurisdiction to review alien's claims. *See, Yang,* 109 F.3d at 1195–96; *Benziane v. INS,* 960 F.Supp. 238, 241 (D.Colo.1997) (Under the IIRIRA, a court had no jurisdiction to review any cause or claim arising out of INS's decision to execute deportation); *Charan v. Schiltgen,* 1997 WL 168495 at *1 (N.D.Cal. Mar.31, 1997) (As of April 1, 1997, the IIRIRA strips all courts of the ability to

---

4. Although section 306(c) is listed as an exception in § 309, it does not contain an effective date and has been interpreted to be effective with the other amendments on April 1, 1997, as called for in § 309, but unlike the other provisions, is to be applied retroactively. *See e.g., Lalani v. Perryman,* 105 F.3d 334, 336 (7th Cir.1997) (effective April 1, 1997); *Benziane v. INS,* 960 F.Supp. 238, 241 (D.Colo.1997) (effective April 1, 1997); *Jean–Baptiste v. Reno,* No. 96CV4077SJ, 1997

WL 55472 at *2 (E.D.N.Y. Feb.5, 1997) (effective April 1, 1997);

5. Congress' failure to include an effective date in section 306 has been interpreted to mean that particular provision applies from the date the amendment is enacted. *Vakalala v. Schiltgen,* 1997 WL 102501 at *3 (N.D.Cal. Feb.26, 1997) (effective September 30, 1997).

review stays of deportation); *Gebehehu v. INS*, 955 F.Supp. 82, 82–83 (N.D.Ill.1997) (A district court has jurisdiction until April 1, 1997 because 8 U.S.C. § 1252(g) is not effective until that time); *Ugwoezuonu v. Schiltgen*, 1997 WL 102499 at *2 (N.D.Cal. Feb.24, 1997) (Under IIRIRA, the district court lacked jurisdiction to grant a writ of habeas corpus under § 2241.)

This court agrees that under the provisions of the IIRIRA, Congress has effectively precluded district court review of decisions by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders regarding aliens.

"The power to award the Writ [of habeas corpus] by any of the courts of the United States, must be given by written law ... [j]udgments about the proper scope of the Writ are 'normally for Congress to make.'" *Felker v. Turpin*, —— U.S. ——, ——, 116 S.Ct. 2333, 2340, 135 L.Ed.2d 827 (1996).

There is a well settled presumption in favor of interpreting statutes to allow judicial review of administrative action. *See, McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 111 S.Ct. 888, 112 L.Ed.2d 1005 (1991). This presumption is overcome, however, if there is clear and convincing evidence of Congressional intent to remove judicial review. *See, Block v. Community Nutrition Inst.*, 467 U.S. 340, 349, 104 S.Ct. 2450, 2455–56, 81 L.Ed.2d 270 (1984). This may be satisfied if Congress' intent is fairly discernable in the statutory scheme. *Id.* at 351, 104 S.Ct. at 2456–57.

Here, Congress clearly expressed its intent:

> [e]xcept as provided in this section and *notwithstanding any other provision of law*, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter."

8 U.S.C. § 1252(e)(2) (emphasis added).

By enacting the IIRIRA, Congress set forth a clear plan to divest federal courts of power to review agency decisions through the writ of habeas corpus except in the most narrow of circumstances. The language in § 1252, removing an alien's right to habeas corpus review under all federal statutes except as provided in the INA, coupled with the narrow instances of habeas review allowed in § 1252(e), show a statutory scheme intended to preclude additional habeas review. Unlike the removal of section § 1105a(a)(10) from the AEDPA, the express provisions of the IIRIRA clearly remove jurisdiction under any statute, including a right to habeas corpus under § 2241. The presumption in favor of judicial review has been overcome. For these reasons, this court finds that it does not have jurisdiction to entertain petitioner's writ of habeas corpus.

There are constitutional concerns relating to the virtual elimination of habeas corpus relief for aliens. Particularly, because discretionary decisions of an administrative agency are not subject to review by any court even in a clear case of abuse of discretion. However, since neither party raised these issues, the Court will not address the constitutionality of § 1252(g). As there is no habeas corpus jurisdiction, the Court will not reach the merits of petitioner's claims.

**IT IS ORDERED** that the Writ of Habeas Corpus, filed by petitioner, Sedrak Safarian, is **DENIED** for lack of jurisdiction.