IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

———————————————

No. 97-30072

———————————————

MASOURNEJAD MASOUD,

                                        Petitioner-Appellant,

versus

JANET RENO, U S Attorney General;
GARY L HENMAN;

                                        Respondents-Appellees.

———————————————

Appeal from the United States District Court
For the Western District of Louisiana
(96-CV-431)

———————————————

January 8, 1998

Before WISDOM, HIGGINBOTHAM and STEWART, Circuit Judges.

PER CURIAM:[*]

Masournejad Masoud[1] appeals the district court's denial of his petition for writ of *habeas corpus* under 28 U.S.C. § 2241, for failure to exhaust his administrative remedies. We DISMISS for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Petitioner's name appears on some pleadings in the record as Masournejad Masoud and on others as Masoud Masournejad.

Masournejad Masoud is a native and citizen of Iran. In 1983, he left Iran as a refugee to reside in Canada. Masoud lived in Canada until 1994, when he entered the United States without a visa and under fraudulent pretenses. Prior to entering the United States, he was convicted in Canada of conspiracy to traffic in a narcotic. He was sentenced to 30 months in prison and allegedly served 11 months of this term. He was then released to a halfway house for six months before being released on parole.

On October 26, 1994, the Immigration and Naturalization Service (INS) issued an order to show cause against Masoud, charging him with deportability under 8 U.S.C. § 1251(a)(1)(A)[2]. After the issuance and service of an arrest warrant, Masoud came into INS custody at Oakdale, Louisiana on November 7, 1994. Since Masoud fell within the definition of an "aggravated felon" under immigration law due to his conviction in Canada, he was detained without bond. He did not request a bond redetermination hearing. After a deportation hearing, Masoud was found

---

[2] At the time, § 1251(a)(1)(A) provided that any alien at the time of entry into this country who is within one of four following classes is excludable:
(1) an alien convicted of a violation of law relating to a controlled substance;
(2) an alien who sought to procure entry into the United States by fraud;
(3) an alien who was not in possession of a valid entry document; and
(4) a non-immigrant alien not in possession of a valid non-immigrant visa.

deportable and, at Masoud's request, the Immigration Judge ordered him deported to Canada. Masoud was advised, however, that if Canada was unwilling to accept him or failed to respond to the Attorney General's inquiry within three months, he would be deported to his native country of Iran.

Masoud waived his appeal rights at the hearing, but nonetheless filed a notice of appeal with the Board of Immigration Appeals (BIA) alleging that the Immigration Judge committed prejudicial error in finding him deportable. He then withdrew his appeal, and the order of deportation became final. However, the Canadian Government refused to accept Masoud, and the INS was unable to obtain travel documents from Iran.

On February 26, 1996, Masoud filed a petition for writ of *habeas corpus* in the district court. On October 11, 1996, a magistrate judge recommended denial of the petition as premature because Masoud had failed to exhaust his administrative remedies. On December 23, 1996, the district court agreed with the magistrate judge's recommendations and denied his petition. Masoud filed a timely notice of appeal.

In response to Masoud's motion to proceed *in forma pauperis*, the district court ordered him to pay $10.60 as an initial partial filing fee and to make payments of 20% of the monthly income in his account until the full $105 fee is paid.

II.

A.

Masoud contends that there are no administrative remedies available to him, and even if there were, resort to them would be futile. He contends that he is being detained unconstitutionally because 8 U.S.C. § 1252(a)(2)(A) is unconstitutional, and that the district court's decision was the result of "prejudice and bigotry against aliens." Relying on § 1252(c), he argues that he should be released from custody because the INS has been unable to deport him within six months of his final order of deportation. He also contends that he is entitled to release under supervision or under bond.

Masoud requests this Court to declare that: (i) exhaustion of administrative remedies is not required; (ii) 8 U.S.C. § 1252(a)(2)(A) is unconstitutional; and (iii) illegal aliens are entitled to the same rights as legal aliens.

### B.

Jurisdiction of the federal courts over *habeas corpus* petitions filed by aliens was significantly narrowed when Congress amended the Immigration and Nationality Act (INA) by enacting the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) on September 30, 1996, and the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) on April 24, 1996. Our first inquiry is whether this Court has jurisdiction to review Masoud's request for *habeas* relief.

4

Section 306(a) of the IIRIRA adds the following new subsection to Section 242 of the INA:

(g) EXCLUSIVE JURISDICTION.-- Except as provided in this section and notwithstanding any other provision of law, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action of the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

See IIRIRA § 306(a) (codified at 8 U.S.C. § 1252(g)).

Congress divested the courts of jurisdiction by enacting this statute in order to streamline the appeal and removal process by preventing delays in the deportation of aliens convicted of crimes. See H. Rep. No. 104-469(I), 104th Cong., 2d Sess. 359, 463 (1996). § 1252(g) constitutes clear and convincing evidence that Congress intended to preclude judicial review. See Block v. Community Nutrition Inst., 467 U.S. 340, 349 (1984).

Section 309 of the IIRIRA, titled "EFFECTIVE DATES; TRANSITION," sets out procedures for making the transition from the INA to the IIRIRA. Section 309(a), which establishes the effective date for most of the amendments in Title III of the IIRIRA, states:

(a) IN GENERAL.-- Except as provided in this section and sections 303(b)(2), 306(c), 308(d)(2)(D), or 308(d)(5) of this division, this subtitle and the amendments made by this subtitle shall take effect on the first day of the first month beginning more than 180 days after the date of the enactment of this Act.

Since the IIRIRA was enacted on September 30, 1996, the effective date provided by § 309(a) is April 1, 1997.

An express exception to the language in § 309(a), which calls for prospective application of the IIRIRA, is found in §

5

306(c) which provides for retroactive application of INA § 242 (8 U.S.C. § 1252(g)). Section 306(c) of the IIRIRA, titled "EFFECTIVE DATE," states:

> (c) EFFECTIVE DATE.
> (1) IN GENERAL.-- Subject to paragraph (2), the amendments made by subsections (a) and (b) shall apply as provided under Section 309, except that subsection (g) of section 242 of the Immigration and Nationality Act (as added by subsection (a)), shall apply without limitation to claims arising from all past, pending, or future exclusion, deportation, or removal proceedings under such Act.

See IIRIRA § 306(c)(1).

Several other courts have also concluded that 8 U.S.C. § 1252(g) is to apply retroactively. American-Arab Anti-Discrimination Comm. v. Reno, 119 F.3d 1367, 1371 (9th Cir. 1997); Lalani v. Perryman, 105 F.3d 334, 336 (7th Cir. 1997); Ramallo v. Reno, 114 F.3d 1210, 1211-12 (D.C. Cir. 1997), *petition for cert. filed*, 66 U.S.L.W. 3264 (U.S. Sep. 24, 1997) (No. 97-526); Safarian v. Reno, 968 F. Supp. 1101, 1105 (E.D. La. 1997). However, courts have been divided over whether the retroactive effect of § 1252(g) became effective on September 30, 1996, the enactment date of the IIRIRA, see, e.g., Ugwoezuono v. Schiltgen, 1997 WL 102499, *3 (N.D. Cal. 1997), or April 1, 1997, the effective date of the IIRIRA, see, e.g., Lalani v. Perryman, 105 F.3d 334, 336 (7th Cir. 1997). With respect to the instant case, this is a distinction without a difference because § 1252(g) is effective now since both dates have passed. Therefore, §1252(g) deprives federal courts of jurisdiction. The appeal must be then dismissed and the case remanded with

6

instruction to dismiss the petition for want of jurisdiction, if the withdrawal of jurisdiction is constitutional.

## C.

Masoud alleges that the pre-IIRIRA § 1252(a)(2) is unconstitutional.  Under the IIRIRA which was enacted after this petition was filed, his continued detention would now be governed by a new provision §1226(c).  We decline to address the constitutionality of the new statute without it being raised by the parties before the administrative agency and the district court.

## III.

We DISMISS Petitioner's appeal for lack of jurisdiction and dismiss his pending motions as moot.

7